UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Luthera Ann Smith,                                          Case No. 15-CV-3892 (MJD/LIB)

                Plaintiff,

v.                                                          REPORT & RECOMMENDATION

City of Ely, et al.,

                Defendants.

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2]; and Emergency Plea, [Docket No. 5].

Plaintiff Luthera Ann Smith ("Plaintiff") commenced this action on October 19, 2015, alleging an unspecified violation of the Fifth Amendment to the Constitution of the United States. Plaintiff did not pay any filing fee for this case, but instead filed an Application to Proceed in District Court without Prepaying Fees or Costs, [Docket No. 2].

Based on the information Plaintiff provided in her application, the Court finds that Plaintiff qualifies financially for *in forma pauperis* ("IFP") status. However, the screening of Plaintiff's Complaint, [Docket No. 1], convinces the undersigned that other considerations that are evident on the pleadings and the public record require this Court to dismiss the present case without prejudice.

In her Complaint, [Docket No. 1], Plaintiff alleges that Defendant City of Ely has ordered that Plaintiff's residence be destroyed. (Id. at 4). As relief, Plaintiff asks that the Court stop the

demolition, grant Plaintiff unrestricted access to the residence, and order Defendant City of Ely to restore electrical power to the residence. (Id.). Plaintiff also stated that she has already petitioned the state District Court of the Sixth Judicial District of Minnesota for relief, in State of Minnesota Case No. 69VI-CV-15-531, but has not obtained relief from the state court.

The undersigned takes judicial notice of the public records in State of Minnesota Case No. 69VI-CV-15-531. Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003).

The public records of State of Minnesota Case No. 69VI-CV-15-531 indicate that Plaintiff initially filed a petition for a temporary restraining order and injunction in the state case on September 1, 2015. (See Smith v. City of Ely, et al., 69VI-CV-15-531, September 16, 2015, Order, [Docket No. 34], 1). On September 16, 2015, the Honorable Gary J. Pagliaccetti, District Court Judge of the Sixth Judicial District of the State of Minnesota, denied Plaintiff's petition without prejudice and dismissed the case without prejudice because Plaintiff had not filed a summons and a complaint along with her petition. (Id. at 2). On September 29, 2015, Plaintiff filed a second petition in the same case in state court, this time accompanied by a summons and complaint.  (Smith v. City of Ely, et al., 69VI-CV-15-531, [Docket Nos. 37, 39]). The case remains pending and a scheduling conference has been scheduled in the state court case for November 30, 2015.

In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the United States Supreme Court set forth the Colorado River abstention doctrine, which grants a federal court the discretion to abstain from exercising jurisdiction over a duplicate case in federal court concerning a matter that is more properly decided in an already ongoing parallel case in state court. On the present record, the abstention doctrine weighs strongly in favor of this Court dismissing this

case without prejudice in favor of the pending case that Plaintiff previously filed in the Minnesota state court.

In addition, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a federal court to dismiss an action and deny an associated IFP application, if the person seeking to proceed without prepaying fees or costs has filed a complaint that fails to state a cause of action on which relief may be granted. See also Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). The factual allegations in Plaintiff's Complaint, [Docket No. 1], fail to state a federal cause of action on which relief may be granted by this Court at this time.

I. Abstention

In Colorado River, the Supreme Court explained    and the Eighth Circuit Court of Appeals has repeatedly reiterated   that exceptional circumstances may justify a federal court abstaining from exercising jurisdiction over a case in favor of a parallel action already proceeding in state court. Colorado River, 424 U.S. at 813; see also, e.g., Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 727 (8th Cir. 2001) (stating exceptional circumstances standard).

Determining whether "exceptional circumstances" exist requires the Court to evaluate several factors, namely: (1) whether there is a res over which one court has established jurisdiction; (2) the relative inconvenience of litigating in the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation; (4) which case has priority; (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights. Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc., 48 F.3d 294, 297 (8th Cir. 1995) (citations omitted).

Because Plaintiff has not identified the legal basis for her claims against the Defendants, the Court finds it necessary to discuss the allegations in Plaintiff's Complaint, [Docket No. 1], before considering the above listed factors. The facts alleged in Plaintiff's Complaint are sparse. However, in reviewing Plaintiff's Complaint, the Court is mindful of case law that requires the Court to liberally construe pleadings in favor of a *pro se* litigant. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The factual allegations in Plaintiff's Complaint that the government has condemned Plaintiff's residence and is going to demolish it may be construed as a takings claim under the Fifth Amendment of the United States Constitution. See First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal., 482 U.S. 304, 316 (1987) (noting that a taking occurs when government acts to condemn property). Importantly, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194, (1985) (emphasis added). "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until [the property owner] has used the procedure and been denied just compensation." Id. Thus, the Supreme Court has held that a taking of property is not complete, and the cause of action not ripe for review by federal courts, unless or until the state fails to provide adequate compensation for the property loss. Id. at 195 (citing Hudson v. Palmer, 468 U.S. 517, 532, n. 12, (1984)); accord Rockler v. Minneapolis Cmty. Dev. Agency, 866 F. Supp. 415, 417 (D. Minn. 1994); see also US W. Commc'ns, Inc. v. Minnesota Pub. Utilities Comm'n, 55 F. Supp. 2d 968, 989 (D. Minn. 1999) ("If U.S. West ultimately receives just compensation then there has been no violation of the Takings Clause."). The state of Minnesota provides a process

through which plaintiffs may seek compensation for the destruction of their property. <u>Rockler</u>, 866 F. Supp. at 417.

> Pursuant to the Minnesota Constitution, Article I, Section 13, private property may not be taken, destroyed or damaged for a public purpose without just compensation. To enforce this provision, a plaintiff may bring an inverse condemnation action by petition for writ of mandamus. <u>Wilson v. Ramacher</u>, 352 N.W.2d 389 (Minn. 1984); <u>Alevizos v. Metropolitan Airports Comm'n</u>, 317 N.W.2d 352 (Minn. 1982).

<u>Rockler</u>, 866 F. Supp. At 417.

Courts of this District have routinely dismissed or refused to exercise jurisdiction over takings claims for lack of jurisdiction on the basis of ripeness where the plaintiffs had not yet sought compensation in the state courts. <u>See, e.g.,Koscielski v. City of Minneapolis</u>, 435 F.3d 898, 903-04 (8th Cir. 2006) (noting that district court had properly dismissed takings claim for lack of jurisdiction as not ripe where the plaintiff had not sought just compensation in state courts); <u>Rockler</u>, 866 F. Supp. at 420.

Plaintiff's allegations could also be construed as a section 1983 claim for deprivation of property without due process. However, any section 1983 due process claim would similarly be premature at this time. Assuming for the sake of argument that depriving Plaintiff of her residence is not authorized by law, the United States Supreme Court has held that an unauthorized intentional deprivation of property does <u>not</u> constitute a due process violation if a meaningful post-deprivation remedy for the loss is available. <u>Hudson</u>, 468 U.S. at 533; <u>accord Rheuport v. Ferguson</u>, 819 F.2d 1459, 1465 (8th Cir. 1987). As noted above, the state of Minnesota has a process available for providing post-deprivation remedies for government destruction of private property. <u>Wilson</u>, 352 N.W.2d 389; <u>Alevizos</u>, 317 N.W.2d 352. Because the public record indicates that Plaintiff is at this

very time in that process in the state Courts, it is premature for this Court to determine whether that process was meaningful.

Having identified the legal basis for Plaintiff's claims against the Defendants, the Court now turns to the abstention factors:

*Jurisdiction over res.*   The state courts of Minnesota clearly have jurisdiction over the possible demolition of Plaintiff's residence, the res in the present action, as Plaintiff's residence lies within the borders of Minnesota. As discussed above, this Court presently does <u>not</u> have jurisdiction over the claims that Plaintiff has actually alleged in her Complaint because those claims are not yet ripe for review by the federal courts. Accordingly, this factor weighs strongly in favor of the Court abstaining from exercising jurisdiction over this matter in favor of the case proceeding in the state courts.

*Inconvenience of federal forum.* The information in the record presently before the Court does not indicate any difference for the parties to litigate in this forum as opposed to the state courts of Minnesota.   Accordingly, this factor is not pertinent to the analysis of whether the Court should abstain from exercising jurisdiction over this matter in favor of the state court action.

*Piecemeal litigation.* In the present case, the possibility for piecemeal litigation is significant. Plaintiff is currently seeking relief for the Defendants' conduct in her pending state court action.  As such, any review of Plaintiff's claims by this Court at this time, before the claims Plaintiff has alleged in her Complaint are ripe, would be premature and result in piecemeal litigation. Accordingly, this factor also weighs strongly in favor of this Court abstaining from exercising jurisdiction over this matter in favor of the state court action.

*Priority of the state court.*   Given the existence of a post-deprivation remedy for the demolition of her property in the Minnesota state courts and the clear instructions of the United States Supreme Court that a takings claim and deprivation of property without due process claim are not ripe for review by the federal courts until <u>after</u> a plaintiff has sought her post-deprivation remedy in the state courts, it is clear that the parallel state court case has priority here.[1]   Accordingly, this factor also weighs strongly in favor of this Court abstaining from exercising jurisdiction over this matter in favor of the state court action.

*Controlling law.*   As noted above, any takings or due process claim under the federal constitution in the present case would not yet be ripe as Plaintiff has not yet sought or is currently seeking compensation in the state courts regarding Defendant's demolition of her residence. <u>See,</u> <u>e.g.</u>, <u>Hudson</u>, 468 U.S. at 532 n. 12; <u>Rockler</u>, 866 F. Supp. at 417.   The relief that Plaintiff may <u>presently</u> seek, either an injunction against demolition of her residence or adequate compensation for the Defendant's demolition of the residence is through Minnesota law. <u>See</u> <u>Wilson</u>, 352 N.W.2d 389; <u>Alevizos</u>, 317 N.W.2d 352. Accordingly, this factor too weighs strongly in favor of the Court abstaining from exercising jurisdiction over this matter in favor of the state court action.

---

[1] The finding that the state court case that Plaintiff previously filed six weeks before she filed this case comports with the recognition by the United States Supreme Court in <u>Colorado River</u>, that a plaintiff first seeking relief by filing a case in state court before later filing a second parallel case in federal court may be an exceptional circumstance warranting the federal court from abstaining from exercising jurisdiction in favor of the parallel state court proceedings. <u>See</u> <u>Colorado River</u>, 424 U.S. 800, 818-19 (noting as an example of exceptional circumstances warranting abstention the principle that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts, even where the court in which the case was first filed was a state court).

*Adequacy*.  On the present record, there is no indication that the Minnesota state courts cannot adequately protect Plaintiff's rights.  Accordingly, this factor weighs in favor of the Court abstaining from exercising jurisdiction over this matter in favor of the state court action.

In summary, because Minnesota provides a post-deprivation remedy for government destruction of private property, and because this Court does not presently have jurisdiction over the claims that Plaintiff's complaint may be liberally construed to allege as those claims would not be ripe until Plaintiff has finished availing herself of the remedy provided by Minnesota law, the undersigned recommends that the Court abstain from exercising jurisdiction over Plaintiff's claims in favor of the pending state court action.

II. Futility

Even assuming solely for the sake of argument that abstention would not be appropriate here, the undersigned would also recommend that Plaintiff's Complaint be dismissed without prejudice as Plaintiff has, at this time, failed to state a claim on which this Court may grant relief.  In pertinent part, 28 U.S.C. § 1915(e)(2)(B)(ii) sets forth that a court shall dismiss a case filed by a party seeking to proceed *in forma pauperis*, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  See also Atkinson, 91 F.3d at 1128.  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "state a

claim to relief that is plausible on its face." Id. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

In the present case, the same considerations that weigh in favor of abstention require a finding that, as alleged at this time, Plaintiff's complaint fails to state claims on which relief may be granted.  As noted above, the allegations in Plaintiff's complaint may be favorably construed as attempting to allege a takings claim or a due process claim.  Plaintiff's taking claim fails to state a cause of action because Plaintiff has not alleged that she sought and was unable to obtain just compensation for the deprivation of her property by Defendant City of Ely.  Plaintiff's due process claim fails to state a claim for the same reasons.

In addition, to the extent that Plaintiff's allegations may be favorably construed as seeking a restraining order, Plaintiff has failed to allege sufficient facts to warrant the issuance of such an order by this Court.  To obtain a preliminary injunction in the form of a restraining order, a plaintiff must show: (1) a probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) that harm to the plaintiff if the injunction is not granted  will outweigh any harm to other interested parties; and (4) that the issuance of the preliminary injunction is in the public interest. S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist., 696 F.3d 771, 776 (8th Cir. 2012) (quoting Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981)).  The probability of success on the merits is the most significant factor. S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

In the present case, the facts as alleged in the Complaint do not demonstrate a probability that Plaintiff will succeed on the merits of either her takings claim or her due process claim.  Plaintiff has not alleged anything, even construed in the light most favorable to her, to indicate that she would not be awarded just compensation for her residence.  Nor has Plaintiff alleged anything that would indicate that she has been deprived of her home without due process.  In fact, the evidence in Plaintiff's pleadings and the public record indicate Plaintiff is in fact presently involved in receiving due process through the parallel action she previously filed in Minnesota state court.

Accordingly, because the allegations in Plaintiff's Complaint presently fail to state a takings claim or a due process claim on which relief may be granted, the Court recommends **DISMISSING** the present action without prejudice.  The Court also recommends **DENYING** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2]; and **DENYING** Plaintiff's Emergency Plea, [Docket No. 5], as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.     This action be **SUMMARILY DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.     Plaintiff Luthera Ann Smith's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED**, as moot; and,

3.     Plaintiff Luthera Ann Smith's Emergency Plea, [Docket No. 5], be **DENIED** as moot.

Dated: October 23, 2015                         s/Leo I. Brisbois
                                                Leo I. Brisbois
                                                U.S. MAGISTRATE JUDGE

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.